IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CR-00035-F-1
No. 4:16-CV-00188-F

| | |
|---|---|
| YADIRA AVILEZ-LOPEZ, )<br>Petitioner )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on the Government's Motion to Dismiss [DE-49] Yadira Avilez-Lopez's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-40, -45].[1] The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, the Government's Motion to Dismiss is ALLOWED and Avilez-Lopez's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On April 22, 2009, Avilez-Lopez was charged in a one-count indictment with possession with intent to distribute more than fifty grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See* Indictment [DE-15]. At her arraignment, held on June 8, 2009, Avilez-Lopez pled guilty to the Indictment, pursuant to a written plea agreement [DE-20].

On September 8, 2009, Avilez-Lopez was sentenced to 120 months' imprisonment, five years of supervised release, and ordered to pay a fine of $6,300.00. *See* Judgment [DE-22]. Avilez-Lopez did not file a direct appeal.

---

[1] Avilez-Lopez's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-40], which was filed on June 24, 2016. At the court's direction, Avilez-Lopez filed a "conforming" motion [DE-45] on July 25, 2016.

On June 24, 2016, Avilez-Lopez filed the instant *pro se* § 2255 motion [DE-40, -45]. In her motion, Avilez-Lopez argues that she is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. Vacate [DE-45] at 4. On August 30, 2016, the Government filed a Motion to Dismiss [DE-49], arguing that dismissal is warranted under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standards

### A. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

### B. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the

speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

### A. Avilez-Lopez's Motion to Vacate is timely under section (f)(3).

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a § 2255 motion within one year of the latest of four triggering events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Avilez-Lopez argues that her motion is timely because it was filed within one year after

3

June 26, 2015, the date the Supreme Court issued its decision in *Johnson*. Mot. Vacate [DE-45] at 10. The court agrees. Avilez-Lopez had until June 26, 2016, to file a timely § 2255 motion, and her motion is deemed filed on June 24, 2016.[2] Consequently, Avilez-Lopez's § 2255 motion is timely under § 2255(f)(3).

## B. Avilez-Lopez is not entitled to relief under *Johnson*.

In *Johnson*, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause, contained in 18 U.S.C. § 924(e)(2)(B)(ii), violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. 136 S. Ct. 1268.

In this case, Avilez-Lopez was not sentenced as an armed career criminal or career offender. *See* PSR at 7, ¶ 32. Moreover, she did not receive a sentencing enhancement based on a prior violent felony conviction. Accordingly, Avilez-Lopez is not entitled to relief under *Johnson*.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-49] is ALLOWED and Avilez-Lopez's Motion to Vacate [DE-40, -45] is DENIED.

---

[2] A prisoner's habeas petition is deemed filed when she delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing Section 2255 Proceedings. Avilez-Lopez dated her § 2255 motion as June 24, 2016. Mot. Vacate [DE-40] at 7.

4

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, a petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 2 day of November, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge